146 So. 318

## FUTCH v. FUTCH.

No. 31864.

Jan. 30, 1933.

Rehearing Denied Feb. 27, 1933.

Reid & Reid, of Hammond, for appellant.

W. B. Kemp and Shelby Reid, both of Amite, for appellee.

LAND, Justice.

Plaintiff brought the present suit for separation from bed and board because of repeated beatings inflicted upon her by defendant, and numerous threats to kill her made by him.

She claims alimony for herself and minor child, aged 7, in the sum of $150 per month, and also seeks to recover $5,500 as her separate funds used by the community.

She prays for the permanent custody of her minor child, and for a partition of the prop-

erty belonging to the community existing between her and her husband.

The answer filed by defendant denies all of the allegations of the petition, except the marriage and the birth of the child, which are admitted.

At the eleventh hour, on the morning of the trial, defendant filed a supplemental answer in which he pleaded condonation.

The trial judge rendered judgment in favor of plaintiff, awarding her a separation, the permanent custody of her minor child, alimony in the sum of $80 per month, commencing with the date of the filing of this suit, January 14, 1932, $2,500 as separate funds belonging to her, which were used by the community, and decreeing a partition by licitation of all of the property belonging to the community.

From this judgment defendant has appealed.

It developed, on the trial of the case, that plaintiff had received only $2,500 from the succession of her father, instead of $5,500, as alleged in her petition; the remainder of $3,000 having been received by plaintiff as dividends on stock owned by her. The court ruled out all testimony as to dividends and allowed only the $2,500. Another suit has been filed by plaintiff for the dividends, and therefore the question of the $2,500 only is before this court. The evidence satisfies us that this amount was received by the husband.

We do not find any good reason to change the amount of the alimony per month allowed to plaintiff and her minor child, as the same does not seem to be excessive.

Defendant's plea of condonation was properly overruled, as the evidence fails to show

any resumption or renewal of the former marriage relation after plaintiff separated from the defendant. Martin v. Martin, 151 La. 530, 92 So. 46.

The alleged cruel treatment of plaintiff by defendant, although denied by him, is proved, in our opinion, by a fair preponderance of the evidence in the case.

Defendant has filed no brief and has made no appearance in this court to contest the correctness of the judgment rendered against him in any particular.

. Judgment affirmed.